1
2
3
4
5
6
7

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**
**AT SEATTLE**

| | |
|---|---|
| HYGIWAY LLC, an Illinois limited liability company, | No. |
| Plaintiff, | |
| v. | **COMPLAINT FOR DAMAGES** |
| AMAZON.COM, INC., a Delaware corporation, and SHEIKH SHUVO, an individual, | |
| Defendants. | |

Comes now that Plaintiff, hygiWay LLC, by and through its attorneys, Aric S. Bomsztyk and Tallman H. Trask, IV, of Tomlinson Bomsztyk Russ, and alleges the following against Defendant Amazon.com, Inc.:

## I.    INTRODUCTION

1.    This case is a breach of contract and trade secrets action. Plaintiff hygiWay LLC ("hygiWay") developed proprietary technology to route last-mile delivery drivers to available restrooms at facilities owned by third-parties and a confidential and proprietary

COMPLAINT - 1

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

network of third-party owned restrooms to support its technology. HygiWay presented its technology, including confidential and proprietary information and trade secrets, to Defendant Amazon.com, Inc. and its employees (collectively, "Amazon") under a mutual nondisclosure agreement. Amazon, in breach of that agreement and alongside its former employee Sheikh Shuvo, used hygiWay's propriety technological innovations and systems and trade secrets to create a competing internal restroom routing system, delaying or preventing hygiWay's application from entering the market.

## II.    PARTIES

2.    Plaintiff hygiWay LLC is an Illinois limited liability company with its principal place of business in Indian Head Park, Illinois.

3.    Defendant Amazon.com, Inc., is a Delaware corporation with its headquarters and principal place of business at 410 Terry Ave. N., Seattle, Washington 98109.

4.    Defendant Sheikh Shuvo is a resident of the State of Washington and this judicial district. On information and belief, Mr. Shuvo lives in Bainbridge Island, Washington.

## III.    JURISDICTION AND VENUE

5.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity amongst the parties.

6.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367 as Plaintiff's claims arise, in part, under federal statutes, including 18 U.S.C. § 1836 *et seq*.

COMPLAINT - 2

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

1    7.    Venue is proper in this Court under 28 U.S.C. § 1391(b)(1) and 28 U.S.C. §

2    1391(b)(2) as Defendants Amazon.com, Inc., and Sheikh Shuvo are residents of this judicial

3    district and a substantial part of the events giving rise to Plaintiff's claims occurred in this

4    judicial district.

5

6                        **IV.    STATEMENT OF FACTS**

7    8.    In June 2020, hygiWay founder and CEO Ron Durso conceived of and begin

8    developing an application that would route last-mile delivery drivers to restrooms on or near

9    their prescheduled delivery route.

10    9.    In September 2020, Mr. Durso established hygiWay as an Illinois limited

11    liability company to continue developing the restroom routing application. HygiWay

12    immediately began hiring employees to develop the restroom routing application and the

13    business, including Project Manager John Loberger. At the same time, hygiWay began

14    surveying last-mile delivery drivers, including those employed by Amazon, to determine if

15    there was an actual need for a restroom routing application. HygiWay's surveys determined

16    there was an actual need.

17    10.    In October 2020, hygiWay entered into agreements with consultants and

18    developers to further develop the restroom routing application. Mr. Durso and hygiWay

19    employees and executives worked directly with those consultants and developers to develop a

20    proof-of-concept restroom routing application. At all times, hygiWay took commercially

21    reasonable steps to protect its intellectual property and trade secrets while working with non-

22    party consultants and developers, including through contractual non-disclosure and non-

23    competition provisions.

COMPLAINT - 3

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

11.     In November 2020, hygiWay hired Lin Bo as Chief Technology Officer. Mr. Bo signed a non-competition agreement which included provisions protecting hygiWay's intellectual property and trade secrets, when hired. Mr. Bo continued development of the proof of concept. At the same time, hygiWay began developing online marketing materials, including videos highlighting the problems addressed by hygiWay's restroom routing application.

12.     In December 2020 and January 2021, hygiWay and its employees and consultants dedicated more than 600 hours to developing a proof-of-concept restroom routing application.

13.     HygiWay developed its restroom routing application for use in interstate commerce and its restroom routing application was intended to be used in interstate commerce.

14.     HygiWay's restroom routing application includes proprietary systems and trade secrets. Specifically, hygiWay developed proprietary routing and mapping systems to direct drivers to accessible restrooms on or near their prescheduled routes. In addition, hygiWay's restroom routing application relied on a confidential and proprietary network of restroom locations owned by third parties and made accessible to hygiWay through confidential and private contractual arrangements, including confidential, proprietary, contractual and licensing structures. Further, hygiWay's restroom routing application represented the first commercial deployment of a system to direct last-mile delivery drivers to restrooms with prearranged accessibility at retail outlets and franchised food service locations.

15.     HygiWay protected its restroom routing application's code and source code, information about the network of restrooms supporting the restroom routing application, and other proprietary information about its systems and processes from disclosure. HygiWay implemented and enforced password protections, access limitations, noncompetition and

COMPLAINT - 4

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

nondisclosure provisions, and other commercially reasonable protections to protect its software products, code, and source code. HygiWay entered into contractual agreements with each employee, consultant, or vendor who provided services related to the development of the restroom routing application and/or the trade secrets embedded within the restroom routing application and hygiWay's network of accessible restrooms to prevent disclosure of the confidential, proprietary, and trade secret elements of the restroom routing application and the network of restrooms supporting the restroom routing application. HygiWay has a pending patent-application related to the software it developed when creating the restroom routing application.

16.     In February 2021, Mr. Durso contacted Amazon to discuss the issues with last-mile delivery driver restroom access and hygiWay's restroom routing application as a solution to those issues.

17.     On February 9, 2021, Mr. Durso spoke with Govi Bacthavachalu, Head of Engineering, Last Mile Routing AI Platform, at Amazon. Mr. Durso and Mr. Bacthavachalu spoke about the issues with last-mile delivery driver restroom access and hygiWay's restroom routing application. At the time of the conversation, Mr. Bacthavachalu represented that Amazon did not believe there was any issue with last mile delivery driver restroom access and was not developing, interested in developing, or interested in purchasing a restroom routing application.

18.     In March 2021, media outlets and political figures began highlighting the issues with last mile delivery driver restroom access, and specifically highlighted the issue with restroom access for Amazon last mile delivery drivers. During the same month, Mr. Durso exchanged text messages with Mr. Bacthavachalu about the issue, hygiWay's restroom routing

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

1    application and network of restrooms, and Amazon's initial efforts to conduct an internal

2    survey about last-mile delivery driver restroom access issues.

3        19.    On April 2, 2021, Joshua Gelbard, Product Manager at Amazon, contacted Mr.

4    Durso to discuss hygiWay and its restroom routing application.

5        20.    On April 12, 2021, hygiWay proposed a pilot test program of its restroom

6    routing application to Amazon. HygiWay additionally proposed that it and Amazon enter into

7    a mutual nondisclosure agreement to engage in more detailed discussions about hygiWay's

8    restroom routing application, including proprietary systems and technologies and hygiWay's

9    trade secrets, including specific information about its routing technology and confidential

10   agreements with third-party restroom owners and the confidential and proprietary structure of

11   hygiWay's relationships with third-party restroom owners.

12       21.    In April or May 2021, Amazon agreed to enter into a mutual nondisclosure

13   agreement and to engage in detailed and specific discussions of hygiWay's technology and

14   network of third-party owned restrooms. Amazon prepared and drafted a mutual nondisclosure

15   agreement for hygiWay's review and acceptance.

16       22.    On or around May 28, 2021, hygiWay and Amazon executed a mutual

17   nondisclosure agreement.

18       23.    The mutual nondisclosure agreement defines "Confidential Information" to

19   mean: "(i) nonpublic information relating to [hygiWay's] technology, products, services,

20   processes, data, customers, business plans and methods, promotional and marketing activities,

21   finances and other business affairs, (ii) third-party information that [hygiWay] is obligated to

22   keep confidential, and (iii) the nature, content and existence of a Relationship, discussions or

23   negotiations between the parties."

COMPLAINT - 6

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

24.     The mutual nondisclosure agreement states that "[Amazon] will use Confidential Information *only* in connection with the Relationship. Except as provided in this Agreement, [Amazon] will not disclose Confidential Information to *anyone* without [hygiWay's] prior written consent. [Amazon] will take reasonable measures to avoid disclosure, dissemination or unauthorized use of Confidential Information."

25.     The Confidential Information protections in the mutual nondisclosure agreement and Amazon's obligations under the provisions of the mutual nondisclosure agreement survive for at least three years following the end of the relationship or negotiations between hygiWay and Amazon.

26.     In or around July 2021, Amazon confirmed that it wanted hygiWay to propose a pilot test program for its restroom routing application.

27.     On or around October 22, 2021, hygiWay sent a pilot test program proposal to Amazon. The contents of the proposal, including the network of third-party owned restrooms used in the proposal, were protected by the May 2021 mutual nondisclosure agreement.

28.     On or around December 6, 2021, Amazon requested a call to further discuss hygiWay's pilot test program proposal. Amazon employee Joshua Gelbard and hygiWay employees Peter J. Carroll and Kevin Allodi were to join the discussion.

29.     On or around December 15, 2021, Mr. Durso, Mr. Carroll, and Mr. Allodi, on behalf of hygiWay, discussed hygiWay's pilot test program proposal and restroom routing application, its proprietary systems and technology, and related trade secrets and confidential information, including the network of third-party owned restrooms, with Amazon employees Joshua Gelbard and Sheik Shuvo, a Senior Business Development Manager. The information discussed on this call was protected by the May 2021 mutual nondisclosure agreement.

TOMLINSON BOMSZTYK RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

30.    On or around December 22, 2021, hygiWay provided Amazon with updated information outlining the technical requirements and costs for a pilot test program for its restroom routing application. The updated information provided to Amazon was protected by the May 2021 mutual nondisclosure agreement.

31.    On or around January 13, 2022, Mr. Shuvo requested that hygiWay resend its proposal. HygiWay did so. The contents of the proposal remained protected by the May 2021 mutual nondisclosure agreement.

32.    On or around January 14, 2022, Mr. Shuvo requested additional specific information regarding hygiWay's network of accessible restrooms, including specific locations; network reach; third-party partnerships, including confidential partnerships; contractual structures related to ensuring restroom access; hygiWay's costs; and hygiWay's plans to scale up and expand its network.

33.    On or around January 20, 2022, hygiWay provided specific, confidential, and proprietary information to Mr. Shuvo in response to his January 14, 2022 request, detailing or describing hygiWay's network of accessible restrooms, including specific locations; network reach; third-party partnerships, including confidential partnerships; contractual structures related to ensuring restroom access; hygiWay's costs; and hygiWay's plans to scale up and expand its network. The information provided to Mr. Shuvo was protected by the May 2021 mutual nondisclosure agreement.

34.    On or around February 7, 2022, after reviewing the confidential, proprietary, and trade secret information provided by hygiWay, Amazon and Mr. Shuvo terminated discussions with hygiWay.

COMPLAINT - 8

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

35.    After terminating discussions with hygiWay, Amazon and Mr. Shuvo used the confidential, proprietary, and trade secret information provided by hygiWay and protected by the May 2021 mutual nondisclosure agreement to develop an internal restroom routing application which mirrors the functionality of hygiWay's restroom routing application and is based on the confidential, proprietary, and/or trade secret information provided by hygiWay under the terms of the May 2021 mutual nondisclosure agreement. Prior to discussions with hygiWay, Amazon was *not* developing a restroom routing application and had *not* developed or conceived of a network of accessible restrooms owned by third parties for use by its last-mile delivery drivers.

36.    On or around January 7, 2025, hygiWay discovered that Mr. Shuvo publicly took credit for "creat[ing a] partner network with 5 leading global fast-food chains to extend discount and facilities access program for 500K+ Amazon delivery drivers," i.e., a copy of the proprietary and confidential network underlying hygiWay's restroom routing application.

37.    Prior to January 7, 2025, hygiWay had not discovered that Amazon had breached its contractual nondisclosure obligations nor had it discovery that Defendants had misappropriated its trade secrets.

38.    As a result of Amazon and Mr. Shuvo's use of hygiWay's confidential, proprietary, and trade secret information, hygiWay suffered damages, including but not limited to damages associated with delays in bringing its restroom routing application to market and harms to the marketability of its restroom routing application. Without the actions of Amazon and Mr. Shuvo, hygiWay's restroom routing application would have been the first application of its kind to reach the market.

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

## V.    CAUSES OF ACTION

**CAUSE OF ACTION I: Breach of Contract (Against Defendant Amazon.com, Inc.)**

39.    Plaintiff restates and incorporates by reference Paragraphs 2 through 38 of this complaint as if fully stated herein.

40.    Plaintiff and Defendant Amazon.com, Inc., entered into a valid and binding written contract, specifically the May 2021 mutual nondisclosure agreement.

41.    Plaintiff fulfilled its obligations under the May 2021 mutual nondisclosure agreement.

42.    Defendant Amazon.com, Inc., breached the May 2021 mutual nondisclosure agreement, including by using Plaintiff's confidential information in developing an internal restroom routing application.

43.    Plaintiff was damaged by Defendant Amazon.com, Inc.'s breach of contract the parties' May 2021 contract.

**CAUSE OF ACTION II: Unjust Enrichment (Against Defendant Amazon.com, Inc.)**

44.    Plaintiff restates and incorporates by reference Paragraphs 2 through 43 of this complaint as if fully stated herein.

45.    Plaintiff conferred a benefit on Defendant Amazon.com, Inc., including through sharing confidential and proprietary information and trade secrets with Defendant Amazon.com, Inc.

46.    Defendant Amazon.com, Inc., was aware of the benefit being conferred upon it by Plaintiff and took advantage of that benefit to develop products or systems reliant on information obtained from Plaintiff.

TOMLINSON BOMSZTYK RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

47. Under the circumstances, it would be unjust, unfair, or inequitable to permit Defendant Amazon.com, Inc., to retain the benefit without compensating Plaintiff.

**CAUSE OF ACTION III: Violation of the Washington Consumer Protection Act, RCW 19.86 *et seq.* (Against All Defendants)**

48. Plaintiff restates and incorporates by reference Paragraphs 2 through 47 of this complaint as if fully stated herein.

49. Defendants engaged in unfair competition.

50. Defendants engaged in unfair or deceptive acts or practices, including by obtaining and improperly utilizing Plaintiff's confidential or proprietary information.

51. Defendants' unfair competition and unfair or deceptive acts or practices occurred in trade or commerce.

52. Defendants' unfair or deceptive acts or practices had or have the capacity to injure other persons.

53. Defendants' unfair competition and unfair or deceptive acts or practices damaged Plaintiff in its business or property.

54. Defendants' unfair competition and unfair or deceptive acts or practices proximately caused Plaintiff's damages.

**CAUSE OF ACTION IV: Violation of the Uniform Trade Secrets Act, RCW 19.108 *et seq.* (Against All Defendants)**

55. Plaintiff restates and incorporates by reference Paragraphs 2 through 54 of this complaint as if fully stated herein.

COMPLAINT - 11

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

56.    Plaintiff developed trade secrets in creating its restroom routing application, including but not limited to:

      a.    Proprietary mapping technology;

      b.    Proprietary routing technology;

      c.    Confidential and proprietary licensing and contractual structures;

      d.    A confidential and proprietary network of accessible restrooms; and,

      e.    Other confidential and proprietary information related to the functionality of Plaintiff's restroom routing application.

57.    Plaintiff took commercially reasonable steps to maintain secrecy and prevent disclosure, use, acquisition, or dissemination of its trade secrets.

58.    Defendants misappropriated Plaintiff's trade secrets through use or disclosure of those trade secrets despite knowing that Plaintiff's trade secrets were subject to contractual nondisclosure provisions.

59.    Plaintiff did not consent to Defendants' misappropriation, use, or disclosure of Plaintiff's trade secrets, and in fact specifically sought to prohibit use or disclosure of its trade secrets by Defendants and others.

60.    Defendants benefited from their misappropriation, use, or disclosure of Plaintiff's trade secrets.

61.    Defendants' misappropriation, use, or disclosure of Plaintiff's trade secrets proximately caused damages to Plaintiff.

62.    Plaintiff discovered Defendants' misappropriation on or around January 7, 2025. As Defendants used the misappropriated trade secrets to develop their own confidential

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

1    internal system(s) and network of third-party restrooms, Plaintiff had no way to reasonably

2    discover the misappropriation prior to January 7, 2025.

3

4    **CAUSE OF ACTION V: Violation of the Defense of Trade Secrets Act, 18 U.S.C. §**

5    **1836 *et seq.* (Against All Defendants)**

6        63.    Plaintiff restates and incorporates by reference Paragraphs 2 through 38 of this

7    complaint as if fully stated herein.

8        64.    Plaintiff developed trade secrets in creating its restroom routing application,

9    including but not limited to:

10            a.    Proprietary mapping technology;

11            b.    Proprietary routing technology;

12            c.    Confidential and proprietary licensing and contractual structures;

13            d.    A confidential and proprietary network of accessible restrooms; and,

14            e.    Other confidential and proprietary information related to the functionality

15                of Plaintiff's restroom routing application

16        65.    Plaintiff developed its restroom routing application for use in interstate

17    commerce and intended it to be used in interstate commerce.

18        66.    Plaintiff derived independent economic value from its trade secrets not being

19    generally known or reasonable ascertainable through proper means.

20        67.    Plaintiff took commercially reasonable steps to protect the secrecy and privacy

21    of its trade secrets, including entering into contractual nondisclosure and noncompetition

22    agreements related to the trade secrets and taking steps to ensure that the source code, network

23

COMPLAINT - 13



TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

information, and other private, confidential, and secret information related to its trade secrets was protected from public disclosure, unintentional disclosure, and improper access.

68.    Defendants misappropriated Plaintiff's trade secrets by acquiring, disclosing, or using those trade secrets through improper means, including by breaching a contractual duty to maintain secrecy related to the trade secrets.

69.    Defendants' misappropriation began no earlier than July 2021 and Plaintiff discovered that misappropriation on or around January 7, 2025. As Defendants used the misappropriated trade secrets to develop their own confidential internal system(s) and network of third-party restrooms, Plaintiff had no way to reasonably discover the misappropriation prior to January 7, 2025.

## VI.    PRAYER FOR RELIEF

WHEREFORE, having pled and asserted the above against Defendant Amazon.com, Inc., Plaintiff hygiWay, LLC prays for the following relief

1.    An award of damages against Amazon.com, Inc.;

2.    An award of prejudgment interest;

3.    Declaratory relief as the Court may determine is necessary to effect its rulings;

4.    An award of attorneys' fees and costs as allowed by and to the full extent permitted by statute, contract, or equity; and,

5.    Other and further relief as the Court deems just and equitable.

COMPLAINT - 14

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907

DATED this 21st day of October, 2025.


TOMLINSON BOMSZTYK RUSS

By: _____
Tallman H. Trask, IV, WSBA #60280
Aric S. Bomsztyk, WSBA #38020
1000 Second Avenue, Suite 3660
Seattle, Washington 98104
Telephone: (206) 621-1871
Email: asb@tbr-law.com
        tht@tbr-law.com
*Attorneys for Plaintiff hygiWay, LLC*

COMPLAINT - 15

TOMLINSON
BOMSZTYK
RUSS

1000 Second Avenue, Suite 3660,
Seattle, Washington 98104-1046
P/ 206.621.1871   F/ 206.621.9907