THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HYGIWAY LLC,

                Plaintiff,

    v.

AMAZON.COM, INC., *et al.*,

                Defendants.

CASE NO. C25-2072-JCC

ORDER

This matter comes before the Court on Defendants' motion to dismiss (Dkt. No. 14). Having thoroughly considered the briefing and the relevant record, the Court GRANTS in part and DENIES in part the motion for the reasons explained herein.

I.  **BACKGROUND**

This is a breach of contract case involving the alleged misuse of confidential information and trade secrets. (*See generally* Dkt. No. 1.) Plaintiff alleges it "developed proprietary technology to route last-mile delivery drivers to available restrooms at facilities owned by third-parties" along with a "confidential and proprietary network of third-party owned restrooms to support its technology." (*Id.* at 1–2.) Plaintiff presented this information to Amazon.com, Inc. in early 2021. (*Id.* at 4–5.) This resulted in the execution of a mutual nondisclosure agreement between the two, allowing for discussions and a proposal regarding Amazon's use of the

ORDER
C25-2072-JCC
PAGE - 1

technology and network. (*Id.* at 6.) Defendant Sheik Shuvo, along with other Amazon employees, were involved in the discussions. (*Id.* at 7–8.) Ultimately, the discussions did not prove fruitful and Amazon terminated the relationship in early 2022. (*Id.* at 8.)

Nevertheless, according to Plaintiff, Amazon (with Mr. Shuvo's assistance) later "used [Plaintiff's] confidential, proprietary, and trade secret information . . . to develop an internal restroom routing application which mirrors the functionality of [Plaintiff's]." (*Id.* at 9.) Plaintiff argues this violated the parties' nondisclosure agreement and brings claims for breach of contract (ct. I), unjust enrichment (ct. II), violations of Washington's Consumer Protection Act ("WCPA") (ct. III) and Uniform Trade Secrets Act ("WUTSA") (ct. IV), as well as a violation of the Defense of Trade Secrets Act, 18 U.S.C. § 1836 *et seq.* (ct. V). (*Id.* at 10–14.)[1]

In moving to dismiss, Defendants contend that all counts are supported solely by conclusory allegations that plead misappropriation without plausible specificity. (*See* Dkt. No. 14 at 8–12.) They also suggest the WUTSA claim preempts Counts II and III. (*See id.* at 12.) Finally, they argue the complaint fails to plead the public interest element to a WCPA claim. (*See id.* at 13.) The Court addresses each argument (in turn) below.

## II.    DISCUSSION

### A.    Legal Standard

Federal Rule of Civil Procedure 12(b)(6) directs a court to dismiss a complaint for failure to state a claim. According to the rule, the Court assumes the truth of the complaint's factual allegations and credits all reasonable inferences arising from those allegations. *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir. 2007). Thus, to avoid dismissal, a plaintiff must point to factual allegations that "state a claim to relief that 'is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Said another way, the Court must be able to conclude that the movant is entitled to judgment as a

---

[1] Counts I and II are solely against Amazon. (Dkt. No. 1 at 10–11.) Counts III–V are against Amazon and Mr. Shuvo. (*Id.* at 11–14.)

ORDER
C25-2072-JCC
PAGE - 2

matter of law, even after accepting allegations as true and construing them in the light most favorable to the non-moving party. *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir. 2004). However, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper Rule 12(b)(6) motion. *Vasquez v. L.A. Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007).

### B.    Misappropriation

Defendants first argue that the complaint fails to allege an element common to each claim: misappropriation. (*See* Dkt. No. 14 at 8–12.) Namely, Defendants say that Plaintiff does not plausibly establish that its idea moved beyond the proof-of-concept phase or that Amazon then developed a restroom routing application based on Plaintiff's information. Thus, all claims relying on misappropriation are inadequately pleaded. (*Id.*)

This argument is grounded in an interpretation of *Twombly/Iqbal's* plausibility standard that largely ignores this Court's role, which is "to draw on its judicial experience and common sense" in assessing plausibility. *Iqbal*, 556 U.S. at 679; *see, e.g.,* Jonah B. Gelback, *Locking the Doors to Discovery? Assessing the Effects of Twombly and Iqbal on Access to Discovery*, 121 Yale L. J. 2270, 2280 (2012); Benjamin P. Cooper, *Iqbal's Retro Revolution*, 46 Wake Forest L. Rev. 937, 939 (2011); *see also Kregler v. City of New York*, 608 F. Supp. 2d 465, 471 (S.D.N.Y. 2009) (explaining *Twombly/Iqbal's* heightened pleading standard). Indeed, Plaintiff's complaint presents a close call. Its nonconclusory allegations are a bit thin. But they are enough. To support each of the asserted claims, the complaint's allegations, which are "entitled to the presumption of truth," must go "beyond reciting the elements" and be neither "bald" nor "conclusory." *Achal v. Gate Gourmet, Inc.*, 114 F. Supp. 3d 781, 798 (N.D. Cal. 2015). *See, e.g.*, *Paya v. Macy's Inc.*, 793 F. Supp. 3d 1201, 1212 (C.D. Cal. 2025) (finding limited non-conclusory facts supporting breach of contract claim in a putative consumer class action sufficient); *Rearden LLC v. Crystal Dynamics, Inc.*, 286 F. Supp. 3d 1076, 1081 (N.D. Cal. 2018) (similar finding on patent infringement suit).

Plaintiff alleges (through nonconclusory means) (a) that it developed confidential

ORDER
C25-2072-JCC
PAGE - 3

information and trade secrets in support of a restroom routing application and associated facility network, (*see* Dkt. No. 1 at 3–5); (b) that it shared this information with Amazon, (*see id.* at 6–8); and (c) that Amazon, with Mr. Shuvo's assistance,[2] developed its own delivery restroom program. (*id.* at 9). A reasonable and warranted inference, then, is that Amazon used Plaintiff's information to develop its program. To survive a Rule 12(b)(6) motion, Plaintiff need not provide detailed allegations of *how* Amazon did so, even under *Twomply/Iqbal's* heightened pleading requirement. *See, e.g.*, *Rosenbloom v. Pyott*, 765 F.3d 1137, 1157 (9th Cir. 2014) (finding that a district court did not abuse its discretion in making similar inferences); *see also Gompper v. VISX, Inc.*, 298 F.3d 893, 896 (9th Cir. 2002) (describing role of warranted inferences within a heightened pleading standard). Given the alleged circumstances here, Amazon's appropriation is a permissible and reasonable inference in accordance with Rule 12(b)(6).

Whether Plaintiff can muster sufficient evidence to support its case is another matter. But the Court declines Defendants' request to bar Plaintiff from attempting to do so.

**C.    Preemption**

Defendants next point to the WUTSA's preemption provision, arguing that it bars all (non-contract) claims brought under Washington law. (Dkt. No. 14 at 12–13) (citing RCW 19.108.900). But this is not the end of the story. In general, preemption of other claims only applies to claims factually dependent on trade secret appropriation claims. *See Boeing Co. v. Sierracin Corp.*, 738 P.2d 665, 674 (1987); *see also Modumetal, Inc. v. Xtalic Corp.*, 425 P.3d 871, 882 (Wash. Ct. App. 2018) (affirming the above for WUTSA claims). Thus, it is entirely possible to plead facts establishing a WUTSA claim <u>and</u> separate (even if related) conduct supporting other claims. In *Thola v. Henschell* for example (a case Defendants cite), a suit

---

[2] The complaint points to Mr. Shuvo's subsequent LinkedIn profile, where he describes his role in "create[ing a] partner network [for Amazon] with 5 leading global fast-food chains to extend [a] discount and facilities access program . . . for . . . Amazon['s] delivery drivers." (*Id.* at 9.)

ORDER
C25-2072-JCC
PAGE - 4

brought by a chiropractor's former employer, the court found that the employer's WUTSA claim did not preempt other claims, including unjust enrichment, so long as the damages are based on different facts. 164 P.3d 524, 531 (Wash. Ct. App. 2007).

Here, Plaintiff alleges that Defendants utilized Plaintiff's trade secrets *and* Plaintiff's confidential and proprietary information. While the allegations regarding each overlap, they remain distinct. For example, Plaintiff's "mapping technology," its "routing technology," and its "licensing and contractual structures," (Dkt. No. 1 at 12), are, debatably, trade secrets. Whereas portions of its "services, processes . . . business plans and methods, promotional and marketing activities, finances, and other business affairs" as well as its "network of accessible restrooms," "specific locations," and "contractual structures related to ensuring restroom access," (*id* at 6, 8), are more aptly described as confidential and proprietary.

At least at the Rule 12(b)(6) stage, it would be premature to find that trade secret appropriation preemption applies now. Again, once evidence is marshaled, the result may differ.

**D.    Public Interest Element in WCPA Claim**

Finally, Defendants contend that the CPA claim cannot be adequately pleaded because it is a contract dispute between private parties; thus, there can be no public interest component. (Dkt. No. 14 at 13) (citing *Hold Sec. v. Microsoft Corp.*, 2024 WL 1407291, slip op. at 2 (W.D. Wash. 2024) (citing *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 537 (1986))). Plaintiff responds that there are exceptions to this general rule. (*See* Dkt. No. 17 at 16–17.) True, but the cases Plaintiff cites are inapt. (*See id.*) (citing, *e.g.*, *Hunt v. Medtronic USA, Inc.*, 627 F. Supp. 3d 1188, 1196 (W.D. Wash. 2022)). Each of those cases either involved members of the public or circumstances demonstrating a "likelihood that additional plaintiffs have been or will be injured in exactly the same fashion." *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 538 (1986). Whereas Plaintiff's complaint describes a private disagreement between a sophisticated (albeit small) business and Amazon. (*See generally id.*) The only allegation touching the public interest at all is wholly conclusory. (*See* Dkt. No. 1

ORDER
C25-2072-JCC
PAGE - 5

at 11) (alleging that "Defendants' unfair or deceptive acts or practices had or have the capacity to injure other persons").

Plaintiff fails to plausibly assert a claim for a WCPA violation.

**III.    CONCLUSION**

For the foregoing reasons, Defendants' motion to dismiss (Dkt. No. 14) is DENIED as to Counts I, II, IV and V and GRANTED as to Count III (the WCPA claim), which is DISMISSED with prejudice.

DATED this 28th day of January 2026.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
C25-2072-JCC
PAGE - 6