The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HYGIWAY LLC., an Illinois limited liability company,

Plaintiff,

v.

AMAZON.COM, INC., a Delaware corporation, and SHEIKH SHUVO, an individual,

Defendants.

CASE NO. 2:25-cv-02072-JCC

**STIPULATED PROTECTIVE ORDER**

1.    PURPOSES AND LIMITATIONS

Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

STIPULATED PROTECTIVE ORDER
CASE NUMBER 2:25-CV-02072-JCC - 1

2.    "CONFIDENTIAL" MATERIAL

"Confidential" material shall include the following documents and tangible things produced or otherwise exchanged:

2.1    Documents containing any person or non-parties' confidential, non-public personal information.

2.2    Confidential information in personnel files including without limitation, medical information, personally identifiable information and financial information.

2.3    Information which the producing party is obligated to keep confidential by contract or state, federal, or other law.

2.4    Confidential business information as contemplated by Fed. R. Civ.P 26(c)(1)(G), including without limitation:

a.   Policies and procedures

b.   Contracts and agreements

c.   Competitive information such as business models, client lists, vendor lists and referral sources

d.   Internal communications or business communications with third-parties

e.   Financial information of any party

f.   -      Business plans and strategy

g.   -      Internal, non-public technology, software, and applications

h.   Any trade secrets or other such customer, financial, commercial, or sensitive and non-public information.

i.   Proprietary information utilized in the operation of a party's business, including but not limited to proprietary technology, source code, scripts, implementation details, algorithms, development documents, and any notes, summaries or other materials that describe, reveal or reflect the structure, operation or functionality of proprietary technology.

STIPULATED PROTECTIVE ORDER
CASE NUMBER 2:25-CV-02072-JCC - 2

3.      "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" MATERIAL

"Highly Confidential – Attorneys' Eyes Only" material shall include Confidential information (as defined above) the production of which would result in a real risk of significant, substantial harm even if disclosed under a Confidential designation. For avoidance of doubt, Highly Confidential – Attorneys' Eyes Only material is a subset of Confidential material and continues to qualify as such, and all confidentiality protections and restrictions on use and disclosure provided herein for Confidential material shall apply to Attorneys' Eyes Only material except where greater protections and/or more strict use or disclosure restrictions are provided for Highly Confidential – Attorneys' Eyes Only material.

4.      SCOPE

The protections conferred by this agreement cover not only Confidential material (as defined above), but also (1) any information copied or extracted from Confidential material; (2) all copies, excerpts, summaries, or compilations of Confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Confidential material. Further, the protections conferred by this Protective Order apply to both Confidential material produced by a party and Confidential material produced by a non-party in connection with this litigation.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

5.      ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

5.1      Basic Principles. A receiving party may use Confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this agreement.

STIPULATED PROTECTIVE ORDER
CASE NUMBER 2:25-CV-02072-JCC - 3

5.2    Generative AI. Confidential material produced in this matter shall not be submitted to any open Generative AI tool that is available to the public at large. Before submitting any discovery material to a Generative AI tool on premises or within a private cloud environment, a receiving party shall ensure that it (or its vendor) can delete all such discovery material from the Generative AI tool at the conclusion of this matter, including any derivative information stored within the tool. The obligations and restrictions of this paragraph will apply even when the discovery material has been anonymized.

5.3    Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any Confidential material except Highly Confidential – Attorney Eyes Only material only to:

(a)    the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)    the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation;

(c)    experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the court, court personnel, and court reporters and their staff;

(e)    any mediator or arbitrator engaged by the parties;

(f)    copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any Confidential material to third parties and to immediately return all originals and copies of any Confidential material;

(g)    during their depositions, employee or representative witnesses of the producing party, as reasonably necessary for this litigation;

(h)    during their depositions, other witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound"

STIPULATED PROTECTIVE ORDER
CASE NUMBER 2:25-CV-02072-JCC - 4

(Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Confidential material may not be disclosed to anyone except as permitted under this agreement;

(i)     the author or recipient of a document.

5.4     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to only:

(a)     the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)     experts and consultants to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     the court and court personnel;

(d)     private court reporters and their staff to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)     any mediator or arbitrator engaged by the parties;

(f)     copy or imaging services retained by counsel to assist in the duplication of Confidential material who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) and have agreed in writing to immediately return or destroy all originals and copies of all Highly Confidential – Attorneys' Eyes Only material;

(g)     the author or recipient of a document.

5.5     Filing Confidential Material. Before filing Confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion

STIPULATED PROTECTIVE ORDER
CASE NUMBER 2:25-CV-02072-JCC - 5

to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue. Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal. A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal. Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

6.    DESIGNATING PROTECTED MATERIAL

6.1    Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

6.2    Manner and Timing of Designations. Except as otherwise provided in this agreement or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for

STIPULATED PROTECTIVE ORDER
CASE NUMBER 2:25-CV-02072-JCC - 6

protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)    Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"  to each page that contains Confidential material or Highly Confidential – Attorneys' Eyes Only material, respectively.

(b)    Testimony given in deposition or in other pretrial proceedings: Subject to the qualifications of Section 6.3, the parties and any participating non-parties must identify on the record, during the deposition or other pretrial proceeding whether the testimony contains Confidential material. Subsequently, that party or non-party must, within thirty(30) days after receiving the transcript of the deposition or other pretrial proceeding, designate portions of the transcript, or exhibits thereto, as Confidential or Highly Confidential – Attorneys' Eyes Only and notify all other parties and participating non-parties of those designations. All parties and participating non-parties must treat the testimony in its entirety as Confidential or Highly Confidential – Attorneys' Eyes Only as the designating party so designates until the thirty (30) day period has expired and thereafter must treat the designated portions accordingly. If a party or non-party desires to protect Confidential material at trial, the issue should be addressed during the pre-trial conference.

(c)    Other tangible items: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the words "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as appropriate.  If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

6.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's

STIPULATED PROTECTIVE ORDER
CASE NUMBER 2:25-CV-02072-JCC - 7

right to secure protection under this agreement for such material. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the material is treated as Confidential or Highly Confidential – Attorneys' Eyes Only in accordance with the provisions of this agreement.

7.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

7.1    Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time. This includes a challenge to any "HIGHLY CONFIDENTIAL, ATTORNEYS' EYES ONLY" designation that the challenging party believes should instead be designated "CONFIDENTIAL" or vice versa. Additionally, any party or non-party may apply to the court for an order authorizing the challenging party to use or disclose designated material to a person or for a purpose not authorized herein.  Unless a prompt challenge to a designating party's confidentiality designation or a prompt request to use or disclose designating materials is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation or apply for a use or disclosure authorization by not mounting a challenge promptly after the original designation is disclosed.

7.2    Meet and Confer. The parties must make every attempt to resolve any dispute relating to designations under this order without court involvement. Any motion relating to such designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

7.3    Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain the designation under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of

STIPULATED PROTECTIVE ORDER
CASE NUMBER 2:25-CV-02072-JCC - 8

persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as designated by the designating party until the court rules on the challenge.

8.      PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a receiving party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that receiving  party must:

(a)      promptly notify the designating party in writing and include a copy of the subpoena or court order;

(b)      promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

(c)      cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Confidential material may be affected.

9.      UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Confidential material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10.   INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

11.   NON TERMINATION AND RETURN OF DOCUMENTS

Within 60 days after the termination of this action, including all appeals, each receiving party must return all Confidential material to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential material.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: 05/01/2026

TOMLINSON BOMSZTYK RUSS

By: *s/Tallman H. Trask, IV*
Tallman H. Trask, IV, WSBA #60280
1000 Second Avenue, Suite 3660
Seattle, Washington 98104
Tel: +1 206 621 1871
Email: tht@tbr-law.com

*Attorney for Plaintiff hygiWay, LLC*

DATED: 05/01/2026

K&L GATES LLP

By:  *s/Spencer McCandless*
Brian E. Spang, *pro hac vice*
Spencer McCandless, WSBA # 60871
925 Fourth Avenue, Suite 2900
Seattle, Washington  98104-1158
Tel: +1 206 623 7580
Fax: +1 206 623 7022
Email: Brian.Spang@klgates.com
Spencer.McCandless@klgates.com

*Attorneys for Defendant Amazon.com, Inc.*

CORR CRONIN LLP

By: *s/Maia R. Robbins*
Maia R. Robbins, WSBA # 54451
1015 Second Avenue, 10th Floor
Seattle, Washington  98104
Tel: +1 206 625 8600
Email: mrobbins@corrcronin.com

*Attorney for Defendant Sheikh Shuvo*

MODEL STIPULATED PROTECTIVE ORDER
CASE NUMBER  - 11

PURSUANT TO STIPULATION, IT IS SO ORDERED

IT IS FURTHER ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law. This Order shall be interpreted to provide the maximum protection allowed by Fed. R. Evid. 502(d).  The provisions of Fed. R. Evid. 502(b) do not apply. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.  Information produced in discovery that is protected as privileged or work product shall be immediately returned to the producing party.

DATED: May 4, 2026

John C. Coughenour
United States District Court Judge

STIPULATED PROTECTIVE ORDER
CASE NUMBER 2:25-CV-02072-JCC - 12

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of

_____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Western District of Washington on [date] in the case of *Hygiway LLC v. Amazon.com, Inc.*, Case No. 2:22-cv-2072-JCC (W.D. Wash.). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where sworn and signed:_____

Printed Name:_____

Signature: _____

STIPULATED PROTECTIVE ORDER
CASE NUMBER 2:25-CV-02072-JCC  - 13